UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

4075 EDISON ST, LLC,

    Plaintiff,

v.                                         Case No.:   2:22-cv-316-SPC-NPM

BEACON SALES ACQUISITION
INC.,

    Defendant.
_____/

**<u>ORDER</u>**[1]

Before the Court is Defendant Beacon Sales Acquisition Inc.'s Response (Doc. 12) to the Court's Order to Show Cause (Doc. 3). The Court directed Beacon to show cause on two issues: (1) the citizenship of Plaintiff 4075 Edison St, LLC and (2) the propriety of litigating an eviction action in federal court. The latter (which Beacon briefed in detail) is a somewhat involved, but certainly interesting question. The Court, however, need not reach the issue because complete diversity is unclear.

Removal is proper when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Given "significant federalism concerns," courts interpret removal statutes strictly and resolve all doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

An LLC (like Edison) is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, a removing defendant must trace down the citizenship of all members. *E.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (Courts must apply "the appropriate tests for citizenship" of the parties before "further tracing their citizenships down the various organizational layers where necessary."); *CityPlace Retail, LLC v. Wells Fargo Bank N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021) ("The district court must do the same kind of tracing in this case, through however many layers of members or partners there may be, to determine the identity and citizenship of [LLC's] members.").

Often, among an LLC's members are other LLCs. These member LLCs are in turn citizens of their members' states, so parties must trace down the member LLCs too. Eventually, "citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Here, that situation apparently exists.

When it removed, Beacon said, Edison's "member is Charles Lomangino, who is a citizen of Florida." (Doc. 1 at 2). Because that left open the possibility of other unidentified members, the Court directed Beacon to supplement Edison's citizenship. It turns out Lomangino is not a member. With him out, Edison identified two members: (1) CGAT QOF, LLC and (2) LDT QOF, LLC. Both are Delaware LLCs (which doesn't really matter). *See, e.g.*, *Moreno v. Breitburn Fla., LLC*, No. 2:09-cv-566-FtM-29DNF, 2012 WL 3638957, at *3 (M.D. Fla. Aug. 23, 2012) ("The citizenship of [an LLC] is not determined by the state of organization and principal place of business."). But their membership and—in turn—citizenship is unknown.

Beacon tried to get CGAT and LDT's membership details from Edison. Yet Edison says it does not "have that information." (Doc. 12-2 at 2). So at this point, nobody can say whether Edison and Beacon are completely diverse. Recognizing this, Beacon asks the Court to allow jurisdictional discovery

3

because it would be more efficient and no disclosed information destroys diversity. Specifically, Beacon wants the Court to order Edison to identify the citizenship of all members. These points do not carry the day.

Generally, this Court does not allow jurisdictional discovery for defendants who remove while guessing whether there is federal jurisdiction. *E.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215-18 (11th Cir. 2007); *see also* *ACLU of Fla. Inc. v. City of Sarasota*, 859 F.3d 1337, 1340-41 (11th Cir. 2017) (explaining a court's discretion). *Lowery* details why:

> Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them. . . . The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction. . . . The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court.

*Lowery*, 483 F.3d at 1215, 1217-18. And typically, "jurisdictional discovery should be conducted *before* removal—not *after*." *Mittenthal v. Fla. Panthers Hockey Club. Ltd.*, 472 F. Supp. 3d 1211, 1225 (S.D. Fla. 2020).

4

Beacon removed with no reason to suspect diversity exists. So this Court won't keep the case while Beacon figures out if it should be here. But on remand, Beacon may conduct discovery on Edison's citizenship and remove again (assuming the removal is otherwise procedurally and jurisdictionally proper). Until then, the Court remands.[2]

Accordingly, it is now

**ORDERED:**

1. The action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 2, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] This Order does not opine on the propriety of removing an eviction action. If Beacon removes again, the Court may address that issue.

5